IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **NAUTILUS INSURANCE COMPANY** | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-cv-313 |
| **FLEET OPERATORS, INC.** and **ADS MARINE, L.L.C.;** | § § § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Nautilus Insurance Company files its Original Complaint and Request for Declaratory Judgment against Defendants Fleet Operators, Inc. and ADS Marine, LLC, and would respectfully show the Court as follows:

### I. NATURE OF THE ACTION

1.1   Nautilus brings this claim for declaratory judgment to declare the legal relations and rights of the parties under a contract of general liability insurance under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

1.2   Nautilus seeks a declaratory judgment that it owes no duty to **defend** Fleet Operators, Inc. or ADS Marine, LLC against an underlying lawsuit currently pending against them which is styled, Cause No. 3:18-cv-00229; *Raylin Boudreaux v. Fieldwood Energy, LLC et al*, In the United States District Court for the Southern District of Texas, Galveston Division ("the Underlying Suit")[1] under the terms of a commercial general liability insurance policy Nautilus issued to The Nacher Corporation.; and also that Nautilus owes no duty to **indemnify** Fleet or ADS for amounts they may become legally obligated to pay in the Underlying Suit.

---

[1] *See generally* **Exhibit A** (Nautilus 1-8).

1

## II. THE PARTIES

2.1     Plaintiff Nautilus Insurance Company is a corporation organized under the laws of the State of Arizona with its principal place of business in Arizona. Nautilus is an insurance company that issues insurance policies in Texas.

2.2     Defendant Fleet Operators, Inc. is a Louisiana corporation with its principal place of business in Louisiana. Defendant does business in Texas but does not maintain a designated agent for service of process. Defendant is amenable to service of process under TEX .CIV .PRAC. & REM CODE § 17.044 by serving the Secretary of State of Texas as agent for Defendant Fleet Operators, Inc. This suit arises out of Defendant Fleet Operators, Inc.'s business contacts in this State and therefore the Secretary of State of Texas may act as Defendant's agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, by certified mail, return receipt requested, to Defendant Fleet Operators, Inc., at its home office, 215 Everett Street, Morgan City, LA 70380.

2.3     Defendant ADS Marine, L.L.C. is a is a limited liability corporation organized under the laws of Louisiana, with its principal place of business in Louisiana. The members of ADS Marine, LLC, as disclosed in public records, are identified as follows:

- David E. Barrouse, Jr.: 215 Everett St., Morgan City, LA 70380
- Sharon Galloway: 215 Everett St., Morgan City, LA 70380

Defendant does business in Texas but does not maintain a designated agent for service of process. Defendant is amenable to service of process under TEX. CIV. PRAC. & REM CODE § 17.044 by serving the Secretary of State of Texas as agent for Defendant ADS Marine, L.L.C. This suit arises out of Defendant ADS Marine, L.L.C.'s business contacts in this State and therefore the Secretary of State of Texas may act as Defendant's agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with

Summons, by certified mail, return receipt requested, to Defendant ADS Marine, L.L.C., at its home office, 215 Everett Street, Morgan City, LA 70380.

### III. JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties as described above.  Plaintiff is a citizen of Arizona and no defendant is a citizen of Arizona.  The amount in controversy exceeds $75,000, exclusive of interests and costs.  It appears extremely likely that the total cost of defending Defendants through the entire life of the Underlying Suit and indemnifying them for any resulting liability or settlement would exceed $75,000.  The Policy's limit of liability is $1 million per claim.

3.2    This Court has personal jurisdiction over Defendants because Defendants are citizens of the state of Texas and/or regularly conduct business in the state of Texas.  In the alternative, this suit arises out of Defendants' specific contacts with the State of Texas.

3.3    Venue is proper in this District under 28.U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.  Specifically, the Underlying Suit against Defendants and which is the subject of this declaratory judgment action is pending in the Southern District of Texas, Galveston Division.

### IV. BACKGROUND FACTS

4.1    This declaratory judgment action arises from a liability insurance policy issued by Nautilus to The Nacher Corporation, and a suit alleging bodily injury against Fleet and ADS, as well as other defendants.  Nautilus issued general liability policy No. ECP2021640-10 to The Nacher Corporation, effective from 4/1/17 to 4/1/19 ("the Policy").[2]

4.2    The Policy provides in part as follows:

---

[2] *See generally* **Exhibit B** (Nautilus 9-87).

**ENVIRONMENTAL COMBINED POLICY**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

…

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** in excess of the deductible or self insured retention, if any, to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. However, we will have no duty to defend the insured against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply.

…

2. **Exclusions**

   This insurance does not apply to:

   …

   c. **Contractual Liability**

   **Bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

   But this exclusion does not apply to liability for damages:

   (1) That the insured would have in the absence of the contract or agreement; or
   (2) Assumed in a contract or agreement that is an **insured contract**, provided that the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of **bodily injury** or **property damage**, provided:
   (a) Liability to such part for, or for the costs of, that party's defense has also been assumed in the same insured contract; and
   (b) Such attorney fees and litigation expenses are for defense of that party against a suit or alternative dispute resolution proceeding in which damages to which the insurance applies are alleged.[3]

---

**SECTION VII – DEFINITIONS**

---

[3] *See* **Exhibit B** at Nautilus 15-16.

4

>   ...
>   10. **Insured Contract** means:
>       ...
>       f.  That part of any other contract or agreement pertaining to *your* business ... under which *you* assume the tort liability of another party to pay for **bodily injury** or **property damage** to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.[4]
>
>   **AMENDED ADDITIONAL INSURED – BLANKET**
>   ...
>   **SECTION III – WHO IS AN INSURED** is amended to include as an insured, with respect to Coverage **A**, **B** and **D**, any person(s) or organization(s) when you and such person(s) or organization(s) have agreed in a written contract or written agreement that such person(s) or organization(s) be added as an additional insured on your policy. Such written contract or written agreement must be in effect prior to the performance of **your work** which is the subject of such written contract or written agreement.
>
>   Such additional insured status applies only:
>   1. Under **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** ... for claims or suits resulting from:
>   a. **Your work** performed in the performance of your ongoing operations for the additional insured.
>
>   With respect to damages caused by your work..., as described above, the coverage provided hereunder shall be primary and not contributing with any other insurance available to those person(s) or organization(s) with which you have so agreed in a written contract or agreement....[5]

By quoting portions of the Policy which currently appear to be of particular and immediate interest to this coverage dispute, Nautilus does not waive its right to rely on any other provisions of the policy, and has attached the policy in its entirety.

4.6     The Master Services Contract entered into between Nacher and Fieldwood Energy, LLC provides in pertinent part as follows:

---

[4] *See* **Exhibit B** at Nautilus 40-41.
[5] *See* **Exhibit B** at Nautilus 47- 48.

13. **INDEMNITIES.**
    a. **Definitions.** As used in this Contract, the following terms shall have the meanings ascribed to them below unless the context clearly and unambiguously requires that such terms be given a different meaning:
       …
       (ii) "Company Group" shall mean Company and its parent, affiliates and subsidiary companies, co-lessees, co-owners, partners, joint venturers, together with its and all of their respective officers, directors, employees, in-house legal counsel, agents, representatives, insurers and invitees and the respective successors, spouses, relatives, dependents, heirs and estate of any of the foregoing.
    b. **GENERAL INDEMNITIES BETWEEN COMPANY AND CONTRACTOR.**
       (i) CONTRACTOR HEREBY AGREES TO RELEASE, INDEMNIFY, PROTECT, DEFEND AND HOLD HARMLESS COMPANY GROUP FROM AND AGAINST ANY AND ALL CLAIMS FOR (1) THE INJURY, ILLNESS OR DEATH OF ANY MEMBER OF CONTRACTOR GROUP AND/OR (2) THE LOSS, DAMAGE, DESTRUCTION AND/OR WRECK AND DEBRIS REMOVAL OF ANY PROPERTY BELONGING TO ANY MEMBER OF CONTRACTOR GROUP, WITHOUT REGARD TO WHETHER ANY SUCH CLAIM IS CAUSED, IN WHOLE OR IN PART, BY THE NEGLIGENCE (WHETHER SOLE, JOINT OR CONCURRENT; ACTIVE OR PASSIVE), STRICT LIABILITY, STATUTORY LIABILITY, CONTRACTUAL LIABILITY OR OTHER FAULT (EXCLUDING ONLY THE GROSS NEGLIGENCE AND INTENTIONAL MISCONDUCT) OF ANY MEMBER OF THE COMPANY GROUP OR BY ANY DEFECT OR PRE-EXISTING CONDITION (WHETHER KNOWN OR UNKNOWN; PATENT, LATENT OR OTHERWISE).
       …
    c. CONTRACTOR SHALL RELEASE, INDEMNIFY, PROTECT, DEFEND AND HOLD HARMLESS COMPANY GROUP FROM AND AGAINST ANY AND ALL CLAIMS BY ANY THIRD PARTY (OTHER THAN A MEMBER OF THE THIRD PARTY CONTRACTOR GROUP) OR GOVERNMENT ENTITY INVOLVING BODILY INJURY OR LOSS, DAMAGE OR DESTRUCTION TO PROPERTY RESULTING FROM THE NEGLIGENCE (BUT ONLY TO THE EXTENT OF CONTRACTOR'S NEGLIGENCE IF COMPANY IS DETERMINED TO BE JOINTLY OR CONCURRENTLY NEGLIGENT), INTENTIONAL ACT, OR STRICT LIABILITY OF CONTRACTOR WHILE PERFORMING THE WORK HEREUNDER.
    d. Notwithstanding anything contained hereunder to the contrary, in the event that an injury or accident giving rise to a Claim which is subject to the laws of any jurisdiction that prohibits or limits the Parties' ability [sic] provide the indemnity set forth above, including, but not limited to, Chapter 127, Texas Civil Practices & Remedies Code (as the same may be amended from time to time), then, if such law must be applied, the indemnifying Party voluntarily agrees to carry the maximum amount of insurance which may be allowed or

> requested by the law of such jurisdiction for the protection of the indemnified Parties against such loss of liability.  The Parties agree that their respective indemnity obligations hereunder are independent of any insurance which such Parties may be required to carry hereunder. ...
>
> **14. Insurance.**
> ...
> b. All insurance policies of Contractor (and its subcontractors who perform Work hereunder), including without limitation those required in accordance with the terms of <u>Exhibit B</u>, shall expressly waive subrogation as to Company Group.  <u>Each such policy, other than worker's compensation policies, shall include Company Group as additional insureds for obligations undertaken and liabilities assumed by Contractor under this Contract</u>.  ....[6]

4.7     At this time, Nautilus is not aware of any written agreement requiring either additional insured status or contractual indemnity made between its named insured Nacher and any party to this action other than Fieldwood.

4.8     Nautilus has agreed to defend both its named insured Nacher and has also agreed to defend Fieldwood, whom Nacher agreed to name as an additional insured in a written contract, under a reservation of rights which expressly includes the right to seek declaratory judgment, to later deny the claim, and to seek reimbursement in the event there is no coverage for the claim.  By agreeing to provide a defense against the Underlying Suit, Nautilus is fully protecting its policyholder Nacher and its additional insured Fieldwood.

4.8     Fleet and ADS have made demands that they also be defended and indemnified by Nacher and Nautilus, even though nothing in the Master Services Contract or the Policy requires that they be either named as additional insureds on the Policy or that they be contractually indemnified by Nacher.

---

[6] *See* **Exhibit C** at Nautilus 93-96 (emphasis added).

7

4.9 Although the Master Services Contract contains choice-of-law clauses specifying it is governed by either general maritime or Texas law, to the extent the contract is subject to the Louisiana Oilfield Indemnity Act ("LOIA"),[7] LOIA invalidates those contractual choice-of-law clauses.

### V. CAUSE OF ACTION: DECLARATORY JUDGMENT

5.1 For the reasons stated above and herein, Nautilus seeks a declaratory judgment under 28 U.S.C. § 2201 that:

a) Fleet Operators, Inc. and ADS Marine, LLC are not additional insureds on the Nautilus Policy;

b) Nautilus has no contractual duty to defend Fleet or ADS against the Underlying Suit;

c) Nautilus has no contractual duty to indemnify Fleet or ADS with regard to any damages they may become legally obligated to pay as a result of the Underlying Suit; and

d) In the alternative, controlling public policy as embodied in LA. REV. CIV. ST. § 2780 (the "Louisiana Oilfield Indemnity Act," or "LOIA") invalidates any indemnity agreement or additional insured requirement that requires Nacher and/or Nautilus to indemnify Fleet or ADS for their own negligence.

5.2 **Fleet and ADS are not additional insureds under the Nautilus policy.** The Policy as quoted above provides that it includes as an additional insured any persons or organization the named insured has agreed in a written contract to name as an additional insured, provided the written contract is executed prior to the performance of the named insured's work. Fieldwood's Master Services Contract with Nacher appears to meet this definition, and therefore Nautilus agreed to defend Fieldwood under a reservation of rights. However, neither Fleet nor ADS have presented to Nautilus a written contract with Nacher executed prior to Nacher's work requiring

---

[7] LA. REV. STAT. ANN. § 9:2780.

Nacher to name them as additional insureds on its policy. In the absence of such a contract, neither Fleet nor ADS are entitled to additional insured status under the Policy.

5.3     **Nautilus has no duty to defend Fleet or ADS as additional insureds.** Because neither Fleet nor ADS are additional insureds on the Policy, neither Fleet nor ADS have any direct rights as insureds under the Policy. Nautilus owes no duty to defend Fleet or ADS against the Underlying Suit.

5.4     **Nautilus has no duty to indemnify Fleet or ADS as additional insureds.** Although the duty to indemnify is ordinarily not justiciable until the insured's liability is fixed by the resolution of the underlying suit, courts may adjudicate the duty to indemnify when there is no duty to defend and the same reasons that negate the duty to defend likewise negate any possible duty to indemnify.[8] Here, the same facts negate both the duty to defend and the duty to indemnify because the available documents show Fleet and ADS are not additional insureds on the Policy and have no direct rights under the Policy.

5.5     **The Policy does not cover contractual obligations to Fleet or ADS.** The Policy ordinarily excludes Contractual Liability from coverage, but makes an exception for liability assumed under an "insured contract," i.e., that part of a written agreement under which the Named Insured assumes the tort liability of another. To date, the only insured contract that has been presented to Nautilus is the Master Services Contract between Fieldwood and Nacher. The Master Service Contract requires Nacher to assume the tort liability of Fieldwood under certain circumstances, but does not require Nacher to assume the tort liability of either Fleet or ADS.

5.6     **In the alternative, public policy violates shifting Fleet's and ADS's tort liabilities to Nacher and Nautilus.** The public policy of the State of Louisiana prohibits oil & gas contractors

---

[8] *See LCS Corr. Services, Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 669 (5th Cir. 2015).

from shifting their tort liabilities for bodily injuries to their subcontractors in contracts pertaining to wells for oil and gas. *See* LA. REV. ST. § 9:2780. To the extent an "insured contract" may exist requiring Nacher to assume the tort liabilities of Fleet or ADS for their own negligence, it violates LOIA and is not enforceable under Louisiana law. Because Nautilus's insuring agreement with Nacher only covers sums Nacher becomes "legally obligated to pay as damages," an unenforceable contractual indemnity obligation cannot trigger coverage under the Policy.

5.7    Nautilus is **not** seeking to recover its attorney fees incurred in conjunction with this coverage action because Fifth Circuit precedent does not support awards of attorney fees under the Federal Declaratory Judgment Act.[9] Nor may a defendant in a federal declaratory judgment proceeding manufacture a claim under either the Federal Declaratory Judgment Act or a state declaratory judgment statute by recasting its affirmative defenses as a claim for declaratory relief which is a mirror image of Plaintiff's existing claim for declaratory relief.[10]

## VI.  PRAYER

6.1    FOR THESE REASONS, Plaintiff Nautilus Insurance Company requests that, after a trial on the merits, it recover the following:

a. Declaratory judgment that:

(1) Fleet Operators, Inc. and ADS Marine, LLC are not additional insureds on the Nautilus Policy;

(2) Nautilus has no contractual duty to defend Fleet or ADS against the Underlying Suit;

---

[9] *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695 (5th Cir. 2009) (*citing Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208 (5th Cir. 1998)).

[10] *See, e.g., Sanijet Corp. v. Lexor Intern., Inc.*, CIV.A.3:06CV1258-B, 2008 WL 2201451, at *2 (N.D. Tex. May 15, 2008) (*citing Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (holding declaratory judgment counterclaims futile because they duplicated the issues already raised by existing claims).

    (3) Nautilus has no contractual duty to indemnify Fleet or ADS with regard to any damages they may become legally obligated to pay as a result of the Underlying Suit; and

    (4) In the alternative, controlling public policy as embodied in LA. REV. CIV. ST. § 2780 (the "Louisiana Oilfield Indemnity Act," or "LOIA") invalidates any indemnity agreement or additional insured requirement that requires Nacher and/or Nautilus to indemnify Fleet or ADS for their own negligence.

b. all other relief to which it may be justly entitled.

        Respectfully submitted,

        **MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

    By:   */s/ Christopher W. Martin*
        Christopher W. Martin
        Texas Bar No. 13057620
        Federal I.D. No. 13515
        martin@mdjwlaw.com
        808 Travis, 20th Floor
        Houston, Texas   77002
        Telephone:   (713) 632-1700
        Facsimile:   (713) 222-0101

    ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:     (713) 632-1700
Facsimile:       (713) 222-0101

Amber R. Dunten
Texas Bar No. 24010004
Federal I.D. No. 31660
dunten@mdjwlaw.com